a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME HOBBS, #2025070032,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01200<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| CATAHOULA CORRECTIONAL<br>CENTER, ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Jerome Hobbs ("Hobbs"). Hobbs is a pretrial detainee at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. He alleges the violation of his constitutional rights by the warden, a nurse, and a booking officer at CCC.

Because Hobbs fails to state a viable claim under § 1983, the Complaint and Amended Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Hobbs alleges that he "complained to medical staff about an abscess" and anxiety on July 29, 2025. ECF Nos. 1 at 3; 6 at 1. He was told that Defendants could not provide the psychiatric medications that Hobbs had been prescribed prior to his incarceration. ECF No. 6 at 1.

On August 6 and 14, 2025, Hobbs filed administrative grievances complaining of pain and suicidal thoughts. *Id.* He was informed that the doctor's list was full.

On August 20, 2025, Hobbs was prescribed medication for the abscess and advised that he would be "put on the list to see a doctor." *Id.* at 1-2.

On August 29, 2025, Hobbs appealed the August 14, 2025, grievance to the warden, who called Hobbs to his office. The warden instructed medical staff to see Hobbs as soon as possible, and Hobbs received immediate treatment. Hobbs was prescribed new medications.

II. Law and Analysis

    A. Hobbs's Complaint is subject to preliminary screening.

Because Hobbs is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Id.*

    B. Hobbs does not allege deliberate indifference by Defendants.

The United States Court of Appeal for the Fifth Circuit has summarized:

> "The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Est. of Henson v. Wichita County*, 795 F.3d 456, 462 (5th Cir. 2015). For claims related to the medical treatment of a pretrial detainee, this court will find a constitutional violation where an officer: (1) subjectively knew of a substantial risk of serious harm to the detainee; and (2) responded to that risk with "deliberate indifference." *Cope v. Cogdill*, 3 F.4th 198, 206–07 (5th Cir. 2021).[1]

---

[1] The Eighth Amendment prohibits deliberate indifference to a prisoner's medical needs, while the Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's medical needs. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). Because there is "no significant distinction between pretrial detainees and convicted inmates concerning basic

> We have described deliberate indifference as "an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). A detainee can establish a jail official's deliberate indifference by showing that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Deliberate indifference can also be shown where a jail official knows that a detainee faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). On the other hand, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

*Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 307 (5th Cir. 2024).

Hobbs does not allege that any of the named Defendants treated him with deliberate indifference. In fact, he asserts that the defendant warden arranged for immediate care once he was alerted to Hobbs's needs. ECF No. 6, at 2. Additionally, Hobbs alleges that he was provided two different medications to treat his abscess within one month from his first complaint. Even if the medications were unsuccessful at treating the abscess, such allegations are insufficient to support a claim of deliberate indifference. *See Gobert*, 463 F.3d at 346. Hobbs's allegations against Defendants do not rise to the "extremely high standard" of deliberate indifference. *See Domino*, 239 F.3d at 756.

---

human needs such as medical care," *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001), case law related to a prisoner's Eighth Amendment right to medical care can clearly establish a pretrial detainee's Fourteenth Amendment right to medical care for the purposes of qualified immunity. *See, e.g., Sims v. Griffin*, 35 F.4th 945, 951–52 (5th Cir. 2022) (finding that a pretrial detainee's Fourteenth Amendment right to medical care was clearly established by *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006), an Eighth Amendment case); *Kelson v. Clark*, 1 F.4th 411, 421 (5th Cir. 2021) (citing Eighth Amendment cases, including *Easter*, to find that a pretrial detainee's right to medical care was clearly established).

### III. Conclusion

Because Hobbs does not state a viable claim under § 1983, IT IS RECOMMENDED that the Complaint and Amended Complaint (ECF Nos. 1, 6) be DENIED and DISMISSED WITH PREJUDICE under § 1915A and § 1915(e)(2)(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 1, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE